## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2014 MSPB 53

Docket No. AT-0752-13-0258-I-1

## Leslie A. Gallegos,
## Appellant,
## v.
## Department of the Air Force,
## Agency.

July 17, 2014

Lawrence A. Berger, Esquire, Glen Cove, New York, for the appellant.

Major Kristina D. Penta, Randolph Air Force Base, Texas, for the agency.

Susan Knutson, Quantico, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### OPINION AND ORDER

¶1      The appellant timely petitions for review of an initial decision that sustained her removal for failure to fulfill a condition of employment. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

### BACKGROUND

¶2      The appellant was formerly a GS-1811-13 Criminal Investigator (also referred to as a Special Agent) with the agency's Office of Special Investigations

(OSI). Initial Appeal File (IAF), Tab 22 at 6-7, 12, Tab 7, Subtab 4b. As a condition of her employment, the appellant was required to execute a mobility agreement in which she acknowledged that any failure to accept a geographic reassignment may subject her to separation from federal service. IAF, Tab 7, Subtab 4t. On May 14, 2012, the agency provided the appellant with notice of an impending directed reassignment from Miami, Florida, to Quantico, Virginia, pursuant to the mobility agreement. IAF, Tab 7, Subtab 4r. The appellant declined the reassignment, and the agency removed her, effective December 14, 2012, based on a charge of "failure to fulfill a condition of employment." IAF, Tab 7, Subtabs 4b, 4c, 4e, 4k.

¶3 Because the appellant withdrew her request for a hearing, IAF, Tabs 19, 20, the administrative judge decided the appeal on the written record. In his initial decision, the administrative judge found that the reference in the notice of proposed removal to the appellant's failure to accept a directed reassignment was merely descriptive of the charge of failure to fulfill a condition of employment, and not descriptive of the charge itself. IAF, Tab 26, Initial Decision (ID) at 4-5. The administrative judge found that the agency proved its charge by preponderant evidence. ID at 6-9. The administrative judge also found in the alternative that the agency had satisfied its burden of proving a charge of failure to accept a directed reassignment. ID at 9-11. The administrative judge found that the agency proved a nexus between the charged conduct and the efficiency of the service, and he sustained the penalty of removal. ID at 11-12.

¶4 The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the petition for review. PFR File, Tab 4.

ANALYSIS

¶5 As the administrative judge correctly found, the agency charged the appellant with failing to fulfill a condition of employment and not with the

underlying refusal to accept a directed reassignment. ID at 4-5. The agency's charging approach is consistent with many years of Board precedent holding that, after an employee refuses a directed reassignment, an agency may charge the employee with absence without leave (AWOL) or with failure to follow instructions if the employee does not report for duty at the new duty station. *See Burrell v. U.S. Postal Service*, 76 M.S.P.R. 204, 209-10 (1997) (an agency may bring a removal action for AWOL if, after a directed reassignment, the employee fails to report to duty at the new location); *see also Cooke v. U.S. Postal Service*, 67 M.S.P.R. 401, 406-08 (upholding a removal for AWOL under the "obey, then grieve" rule after the appellant refused a directed reassignment), *aff'd*, 73 F.3d 380 (Fed. Cir. 1995) (Table); *Jahn v. Department of Agriculture*, 45 M.S.P.R. 514, 516-17, 520-21 (1990) (upholding a removal for failing to report to new duty post after the appellant rejected a directed reassignment), *aff'd*, 935 F.2d 281 (Fed. Cir. 1991) (Table). Whether the agency had a legitimate management reason for the directed reassignment is a merits issue in terms of whether such a charge—in this case, failure to fulfill a condition of employment—can be sustained. *See Burrell*, 76 M.S.P.R. at 210.

¶6        The charge of failure to fulfill a condition of employment contains two elements that the agency must prove: (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that condition. *See generally Thompson v. Department of the Air Force*, 104 M.S.P.R. 529, ¶¶ 9-10 (2007). Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to, or to retain, a particular position. *Thompson*, 104 M.S.P.R. 529, ¶ 9.

¶7        According to written OSI policy, not only the appellant's particular Criminal Investigator position, but all OSI Criminal Investigator positions were subject to a mobility requirement as a condition of employment. IAF, Tab 7, Subtab 4m at 125. Moreover, the appellant periodically signed mobility

agreements, most recently in July 2008, acknowledging that the agency required its Criminal Investigators to be mobile and agreeing to accept relocations or risk separation from service.[1]  IAF, Tab 7, Subtab 4t.  The appellant has not proffered a persuasive reason for her argument that she was somehow not subject to the same conditions as her peers.  We find, therefore, that the administrative judge correctly determined that the agency proved that the mobility requirement is a condition of employment.  ID at 6-8.

¶8    It is not disputed that the appellant was given a directed reassignment and that she refused it.  Rather, the appellant contends that the agency has not identified any reason for her reassignment or otherwise explained why the reassignment served the needs of the agency.  PFR File, Tab 1 at 8-11.  She acknowledges that agency policy provides "that civilian mobility is an important component of organizational effectiveness as well as career progression" but insists that the agency must show a particular need for reassigning her.  *Id.* 10-11; IAF, Tab 7, Subtab 4n at 27.

¶9    The appellant's argument disregards the fact that she is not charged with refusing a directed reassignment but with failing to fulfill a condition of employment.  Nevertheless, under the circumstances of this appeal, there is some analytical overlap between those two charges and the reasons for the directed reassignment matter when a mobility agreement is in place.  *See Burrell*, 76 M.S.P.R. at 210.

¶10    Here, the agency's policy establishes that it had a legitimate management reason for directed reassignments based upon its need for "civilian mobility" as an essential component of its organizational effectiveness and for employee career progression.  IAF, Tab 7, Subtab 4n at 27-28 and Attachment 5.  Agency

---

[1] The appellant signed at least two other mobility agreements during her career with the agency, in 2006 and 2004.  IAF, Tab 7, Subtab 4t.

policy further indicates that "[e]ffective force development depends upon filling high-level positions with highly qualified employees who have a variety of work experiences at various locations throughout the Air Force" and requires mobility agreements for all civilian Criminal Investigators/Special Agents, like the appellant. IAF, Tab 7, Subtab 4m at 29, 125.

¶11    The appellant may attempt to rebut the agency's showing with evidence that the application of the mobility policy to her was patently unfair or based on bad faith. *See Thompson*, 104 M.S.P.R. 529, ¶ 9. The appellant's petition for review does not address the charge actually at issue in this appeal, namely her failure to fulfill a condition of employment. PFR File, Tab 1. However, we construe her petition to allege that the underlying directed reassignment was patently unfair because the agency was obligated to grant her preferred assignment, namely, to continue at her existing duty station near Miami, Florida, without a reassignment.[2] *Id*. at 8-10, 12-13. However, while the agency has undertaken an obligation to honor its employees' geographic preferences "to the extent the needs of the [agency] permit," it has not committed itself to honor all such preferences under all circumstances. IAF, Tab 7, Subtab 4t at 1, ¶ 2. Similarly, the appellant impliedly asserts that the underlying directed reassignment was patently unfair because the agency wrongly denied her hardship request and improperly provided no explanation for its decision. PFR File, Tab 1 at 10-11. The mobility agreement provides for hardship exceptions but only when "the reasons are acceptable to management." IAF, Tab 7, Subtab 4t at 1, ¶ 3. The Board has held that an agency is not required to grant an employee's

___

[2] The appellant was assigned to Patrick Air Force Base near Miami, Florida, from June 2004 through September 2008. IAF, Tab 7, Subtab 4e at 2; PFR File, Tab 1 at 5. From September 2008 through September 2009, the appellant was assigned to Andrews Air Force Base, Maryland, and was then granted a hardship reassignment back to the Miami area. IAF, Tab 7, Subtab 4e at 2, Subtab 4g at 2, ID at 8; PFR File, Tab 1 at 5.

hardship request where the existing mobility agreement did not create a binding obligation to accept any reason for the alleged hardship. *Kinsella v. Department of Health & Human Services*, 41 M.S.P.R. 643, 649 (1989). Accordingly, we find that the administrative judge properly sustained the charge.

¶12        In a related argument, the appellant asserts that the agency has not provided any evidence, other than the mobility agreements she signed, that the underlying directed reassignment promoted the efficiency of the service. PFR File, Tab 1 at 6-9. In this regard, the appellant argues that the agency must make the same showing in a case involving a mobility agreement as it does when there was not a mobility agreement.

¶13        When there is no mobility agreement in place and a directed reassignment addresses an individual's situation, rather than reflecting an agency policy decision about the need for a mobile workforce, then the willingness to relocate is not a condition of employment. In such cases, it is appropriate to charge the employee with failure to accept a directed reassignment or some other charge appropriate to the circumstances. For example, in *Miller v. Department of the Interior*, 119 M.S.P.R. 438, ¶¶ 3, 9-10, *aff'd as modified on recons.*, 120 M.S.P.R. 426 (2013), the agency removed the appellant for failure to accept a management directed reassignment to fill a new position it had created. However, the appellant did not occupy a position subject to a mobility agreement. Under the circumstances presented in *Miller*, the Board held that the agency must establish by preponderant evidence that the geographic reassignment was properly ordered due to bona fide management considerations in the interest of promoting the efficiency of the service. *Id.*, ¶ 7. It concluded that the agency did not establish a rational basis for requiring the appellant to accept the directed reassignment at issue and, therefore, it failed to prove that her removal was for the efficiency of the service. *Id.*, ¶ 10.

¶14        The same "efficiency of the service" standard applies in cases such as this one where the appellant occupied a position subject to a mobility agreement.

However, when an agency has made a policy decision that an entire group of positions must be mobile, the focus of our analysis is less on whether the agency had a bona fide reason for the individual employee's reassignment and more on whether the agency's policy was supported by a legitimate management reason. As noted previously, the Board defers to the agency's determination as to the requirements that must be fulfilled in order for an individual to qualify for appointment to a particular position and to retain that position. *See, e.g.*, *Thompson*, 104 M.S.P.R. 529, ¶ 9.

¶15    The appellant's argument that her situation should be treated the same as a directed reassignment where there is no mobility agreement in place would render irrelevant the mobility agreement. Were we to accept her contention, we would be intruding on agency management's discretion to determine the requirements and conditions for positions in its workforce. We decline to do so and conclude that the agency's policy sets forth legitimate management reasons for requiring mobility—organizational effectiveness and employee career progression. IAF, Tab 7, Subtab 4m at 29, 125, Subtab 4n at 27-28 and Attachment 5.

¶16    Finally, the appellant appears to claim that the removal is tainted by harmful error in that the agency purportedly did not completely and accurately document her most recent mobility assignment according to the letter of agency policy. PFR File, Tab 1 at 11-12. On March 4, 2013, the appellant, who throughout this appeal has been represented by counsel with extensive experience before the Board, filed a written motion below to "withdraw [her] affirmative defenses of harmful procedural error and violations of law." IAF, Tab 12 at 4. The administrative judge granted the motion in a March 5, 2013 order and stated that the Board would not consider the appellant's affirmative defenses. IAF, Tab 13. The administrative judge afforded the appellant 7 days in which to object to his ruling. *Id.* The appellant did not file a timely objection, but subsequently, during a March 19, 2013 prehearing conference, the appellant attempted to reassert her affirmative defense of harmful error. IAF, Tab 18 at 2. The

administrative judge denied the request. *Id.* Despite being afforded the opportunity to object to the administrative judge's rulings as set forth in the Order and Summary of Telephonic Prehearing Conference, *see id.* at 3*,* the appellant did not object to the administrative judge's ruling denying her request to reassert her affirmative defense. Her failure to timely object to the administrative judge's ruling precludes the appellant from raising arguments regarding her affirmative defenses, which were not considered below, on review. *See McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (the appellant's failure to timely object to rulings during the hearing precludes his doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 386 (2013); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (the appellant's failure to timely object to the administrative judge's rulings on witnesses precludes his doing so on petition for review); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶17    Accordingly, we find that the agency proved by preponderant evidence that the appellant failed to fulfill a condition of employment when she refused to accept a directed reassignment pursuant to a valid agency mobility policy. We also find that a nexus exists between the sustained charge and the efficiency of the federal service and discern no reason to disturb the administrative judge's conclusion that the penalty of removal is reasonable for the sustained charge.

## ORDER

¶18    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.